IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHELE N. MOSS,

               Plaintiff,

v.                                          Case No. 06-4105-JAR

BLUE CROSS AND BLUE SHIELD OF
KANSAS, INC.,

               Defendant.

## <u>SCHEDULING ORDER</u>

On November 13, 2006, pursuant to Fed. R. Civ. P. 16(b), the court conducted a scheduling conference in this case with the parties.[1]  Plaintiff appeared through counsel, Harold S. Yongentob and Casey Jenkins.  Defendant appeared through counsel, Terry Mann and Lora M. Jennings.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

---

[1]As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | November 13, 2006 |
| Defendant's settlement counter-proposal | November 20, 2006 |
| Confidential settlement reports to magistrate judg identification of agreed-upon mediator or other ADR neutral | December 1, 2006 |
| Mediation or other ADR process completed | February 16, 2007 |
| Identification of agreed-upon mediator or other ADR neutral | January 5, 2007 |
| Initial disclosures exchanged | N/A |
| All discovery completed | April 16 2007 |
| Experts disclosed by plaintiff | February 2, 2007 |
| Experts disclosed by defendant | February 28, 2007 |
| Rebuttal experts disclosed | March 15, 2007 |
| Independent medical examinations | January 16, 2007 |
| Supplementation of disclosures | March 7, 2007 |
| Jointly proposed protective order submitted to court | N/A |
| Motions to join additional parties or otherwise amend the pleadings | November 24, 2006 |
| Motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim | November 30, 2006 |
| All other potentially dispositive motions (e.g., summary judgment) | May 31, 2007 |
| Motions challenging admissibility of expert testimony | 28 days before trial |
| Final pretrial conference | May 16, 2007 at 9:30 a.m. |
| Proposed pretrial order due | May 9, 2007 |
| Trial | March 11, 2008 |

1.      **Alternative Dispute Resolution (ADR).**

a.      By **November 13, 2006**, plaintiff shall submit to defendant a good faith proposal to settle the case.  By **November 20, 2006**, defendant shall make a good faith response to plaintiff's proposal, either accepting the proposal or submitting defendant's own good faith proposal to settle the case.  By **December 1, 2006**, each of the parties shall submit independently, by way of e-mail or letter (preferably the former), addressed to the magistrate judge (but not the district judge), a confidential settlement report.  These reports shall briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations and the overall prospects for settlement, and a specific recommendation regarding mediation and/or any other ADR method, together with an indication concerning who has been selected by the parties (preferably jointly) to serve as a mediator or other neutral in an ADR process. These reports need not be served upon opposing parties and **shall not** be filed with the Clerk's Office.  The court may thereafter order participation in an ADR process.

b.      Settlement may be enhanced by use of mediation (or other chosen ADR process).  Counsel shall provide to the court the name of an agreed-upon mediator (or other ADR neutral) to the court , and the scheduled date of the mediation (or other chosen ADR process) by **January 5, 2007**; if the parties are unable to jointly agree upon a mediator (or other neutral), each shall suggest a mediator (or other neutral) and then the court will select a mediator (or other neutral).  The ADR process shall be held no later than **February 16, 2007**, before the mediator (or other neutral) chosen by the parties or selected by the court).

An ADR report, on the form located on the district's Internet website,  must be filed by defense counsel within five days of the scheduled ADR process (*http://www.ksd.uscourts.gov/attorney/adr/adrreport.pdf*).

**2.      Discovery.**

a.      The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1).  In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged have been exchanged.  The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," as made clear by the advisory committee notes to the 2000 amendments to that rule, this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party.  In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.  *See* Fed. R. Civ. P. 37(c)(1).

b.      All discovery shall be commenced or served in time to be completed by **April 16, 2007**.

c.     The parties intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

d.     No party shall serve more than **30** interrogatories, including all discrete subparts, to any other party.

e.     There shall be no more than **10** depositions by plaintiff and **10** by defendant.

f.     Each deposition shall be limited to **3** hours, except for the deposition(s) of **plaintiff and defendant's decision maker(s)** which shall be limited to **7** hours.   All depositions shall be governed by the written guidelines that are available on the court's Internet website,

*(http://www.ksd.uscourts.gov/attorney/depoguidelines.pdf).*

g.     Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by plaintiff by **February 2, 2007**, and by defendant by **February 28, 2007**.  Disclosures and reports by any rebuttal experts shall be served by **March 15, 2007**.  The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications).  These objections need not extend to the admissibility of the expert's proposed testimony.  If such technical objections are served,

counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections.  As noted below, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived.  *See* D. Kan. Rule 37.1(b).

      h.     The parties shall complete all Fed. R. Civ. P. 35 physical or mental examinations by **January 16, 2007.**  If the parties disagree about the need for or the scope of such an examination, a formal motion shall be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties and decided by the court before the examination deadline.

      i.     Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served by **March 7, 2007**, which date is at least 40 days before the deadline for completion of all discovery.  The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial.  The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning

-6-

a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

j.      At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A), (B) & (C).  As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been included in a Rule 26(a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial.  *See* Fed. R. Civ. P. 37(c)(1).

k.      At the request of the parties, the court has previously entered an agreed to protective order.  The parties agree that additional protective orders will not be needed to govern discovery in this case.

l.      Discoverable information likely exists in digital formats, including email messages between plaintiff and defendant and among defendant's employees.  The parties plan to request electronic information during discovery, and each requests that the other take appropriate steps to preserve such evidence in its native format.

m.      To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to

extensions of time that interfere with the deadlines to complete all discovery, for the briefing

or hearing of a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).  Nor does

this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts'

reports.  *See* D. Kan. Rule 26.4(b).

**3.     Motions.**

a.     Any motion for leave to join additional parties or to otherwise amend the

pleadings shall be filed by **November 24, 2006.**

b.     Provided that such defenses have been timely preserved, any motions to

dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a

claim upon which relief can be granted shall be filed by **November 30, 2006**.

c.     All other potentially dispositive motions (e.g., motions for summary judgment)

shall be filed by **May 31, 2007.**

d.     All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid.

702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire

Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than **28

days before trial**.  [However, if such a motion as a practical matter will be case-dispositive,

or if an evidentiary hearing on the motion is reasonably anticipated, then this deadline shall

be in accordance with the dispositive motion deadline stated above.]

e.     Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and

37.2 shall be filed and served within 30 days of the default or service of the response, answer,

or objection which is the subject of the motion, unless the time for filing such a motion is

extended for good cause shown.  Otherwise, the objection to the default, response, answer, or objection shall be waived.  *See* D. Kan. Rule 37.1(b).

**4.      Other Matters.**

a.      The parties agree that principles of comparative fault do not apply to this case.

b.      Pursuant to Fed. R. Civ. P. 16(d), a final pretrial conference is scheduled for **May 16, 2007 at 9:30 a.m.** in the U.S. Courthouse, Room 470, 444 S.E. Quincy Street, Topeka, Kansas.  Unless otherwise notified, the undersigned magistrate judge will conduct the conference.  No later than **May 9, 2007**, defendant shall submit the parties' proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to *ksd_sebelius_chambers@ksd.uscourts.gov*.  The proposed pretrial order shall not be filed with the Clerk's Office.  It shall be in the form available on the court's website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C)(2)(a) & (b) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

c.      The parties expect the trial of this case to take approximately **five days**.  This case is set for trial on the court's docket beginning on **March 11, 2008**.  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

d.      The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

e.      The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court.

This scheduling order shall not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated this 13th day of November, 2006, at Topeka, Kansas.

                                          s/ K. Gary Sebelius
                                         K. Gary Sebelius
                                         U.S. Magistrate Judge