IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHELE N. MOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-4105-JAR |
| ) | |
| BLUE CROSS AND BLUE SHIELD OF ) | |
| KANSAS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MOTION FOR PROTECTIVE ORDER

COMES NOW Plaintiff, by and through her counsel, and moves the Court to enter a protective order pursuant to F.R.C.P. 26(c), ordering that Plaintiff need not appear on January 18, 2007, for her unilaterally scheduled deposition. In support thereof Plaintiff directs the Court's attention to the following:

1. Defendant e-mailed Plaintiff on December 12, 2006, requesting dates for Plaintiff, Michele Moss' deposition. (Exhibit A, Email exchanges of 12/13/06)

2. Plaintiff's counsel suggested waiting until written discovery was completed. (Exhibit A).

3. Defense counsel responded that she wanted the deposition in mid-January, and requested dates for mid January. (Exhibit A).

-2-

    4.     Plaintiff's counsel responded that objections may need to be addressed regarding discovery responses before a meaningful deposition could take place. (Exhibit A).

    5.     Defendant's counsel then threatened to unilaterally schedule the deposition of Michele Moss. (Exhibit A).

    6     Plaintiff's counsel suggested February as a reasonable time to take Michele Moss' deposition and notified Defense counsel that February dates were available. (Exhibit A).

    7.     Defense counsel responded she was concerned about meeting the Court's mediation deadline. Previously Defense counsel flatly rejected any hope of settlement. Not only did counsel reject any notion of settlement, but instead threatened Plaintiff with court costs. (Exhibit B, Good Faith Settlement Response Letter).

    8.     Based on Defense counsel's unilateral dismissal of any settlement attempts in response to a four page settlement offer that was adequately supported by documentation and case law, Plaintiff's counsel reasonably believed that any attempts at settlement would be fruitless.

    9.     Plaintiff's counsel simply wants to protect his client from costs as threatened in Defense counsel's "good faith" settlement response. Plaintiff's counsel, in light of Defense threats, sees the only prudent course of action is to exchange discovery before proceeding further. If discovery would show Plaintiff's claims are baseless before a deposition is taken, Plaintiff's counsel would be required to act accordingly and not subject Plaintiff to costs as threatened by Defendant.

    10.    In 36 years of practicing law, Plaintiff's counsel has never had such a reasonable request, exchange written discovery before depositions, summarily denied. Further, Plaintiff's counsel has never encountered such difficulty in setting a deposition.

11. Plaintiff's counsel is aware that F.R.C.P. 26(d) allows discovery to proceed in any sequence, but in light of Defense threats to impose costs on Plaintiff, counsel does not see the unreasonableness of exchanging discovery to aid both parties in preparation of upcoming depositions.

12. Unilaterally scheduled depositions have been called inimical to Federal Rules and local court rules. *See Simmons v. Am. Airlines Inc.*, 2003 U.S. Dist. LEXIS 23759 (Dist.V.I. 2003). Such conduct will warrant a protective order. *Id.* Unfortunately, Plaintiff's only remedy is to seek a protective order at this time. *Robert Billet Promotions v. IMI Cornelius*, 1995 U.S. Dist. LEXIS 16807 (D. Pa. 1995).

13. Further, Plaintiff's counsel is not available on January 18 and 19, 2007, as Defense counsel has previously scheduled meetings and also is scheduled to take depositions on January 25, 2007, in Emporia, Kansas, in the case of Redeker v. Kemp, 06-CV-057, pending in the Lyon County, Kansas.

WHEREFORE, Plaintiff respectfully requests the Court to enter a protective order that Plaintiff's presence is not required on January 18, 2007, for the unilaterally scheduled deposition, and order Defense counsel to give available dates in February of 2007 for the deposition of Plaintiff.

Respectfully Submitted,

Dated this 20th day of December, 2006

/s/ Harold S. Youngentob
Harold S. Youngentob - #08004
Casey A. Jenkins - #22664
GOODELL, STRATTON, EDMONDS &
  PALMER, LLP
515 S. Kansas Ave.
Topeka, KS 66603-3999
785-233-0593
785-233-8870 (fax)
hyoungentob@goodellstrattonlaw.com
cjenkins@goodellstrattonlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the _20_ day of December, 2006, a true and correct copy of the above and foregoing was served via e-mail to:

Terry L. Mann
Lora M. Jennings
MARTIN, PRINGLE, OLIVER, WALLACE & BAUER, L.L.P.
100 N. Broadway, Suite 500
Wichita, Kansas 67202
tlmann@martinpringle.com

Stacy A. Jeffress
BLUE CROSS AND BLUE SHIELD
OF KANSAS, INC.
1133 Topeka Blvd., P.O. Box 239
Topeka, Kansas 66629
stacy.jeffress@bcbsks.com

/s/ Harold S. Youngentob
Harold S. Youngentob - #08004