**EXHIBIT "B"**



# MARTIN | PRINGLE
ATTORNEYS AT LAW

MARTIN, PRINGLE, OLIVER, WALLACE & BAUER, L.L.P.

| Wichita | Overland Park | Kansas City, Missouri |
|---|---|---|
| 100 N. Broadway, Suite 500 | 6900 College Boulevard, Suite 700 | 4700 Belleview, Suite 210 |
| Wichita, KS 67202 | Overland Park, KS 66211 | Kansas City, MO 64112 |
| T 316.265.9311 | T 913.491.5500 | T 816.931.1133 |
| F 316.265.2955 | F 913.491.3341 | |

www.martinpringle.com

**TERRY L. MANN**
Wichita Office
tlmann@martinpringle.com

November 20, 2006

**VIA E-MAIL**
Harold Youngentob
Casey Jenkins
Goodell, Stratton, Edmonds & Palmer, L.L.P.
515 South Kansas Avenue
Topeka, KS 66603-3999

        Re: Moss v. BCBSKS, Inc.
           Case No. 06-4105
           Our File No. 26642-03

Dear Harold and Casey:

I am in receipt of your letter of November 13, 2006, which conveys an offer to settle plaintiff's claims upon payment of $94,026.24, plus reinstatement. I have discussed your offer with my client, which has asked me to decline.

I have many disagreements with the facts as stated in your letter, and we will undoubtedly be addressing those in discovery. I also believe that much of the law you have chosen to cite is inapplicable, and in some instances, directly contrary to the law in the Tenth Circuit. For example, in addressing the *Cavin v. Honda* case, which you rely on at page 5 of your letter, Judge Marten recently specifically rejected the holding in the *Cavin* case, noting that the law in the Tenth Circuit is contrary. *See Allender v. Raytheon Aircraft Co.*, 339 F. Supp. 2d 1196, 1206 (D. Kan. 2004); *Holmes v. Boeing*, 1999 WL 9760, at *3, 1999 U.S. App. LEXIS 377 (10th Cir. 1999). In this case, the plaintiff failed to comply with the reasonable requirements imposed by BCBSKS, despite the fact that she had become a very sophisticated user of the FMLA program over the period of her employment. We believe that failure will result in the dismissal of her claims.

My client has authorized me to extend an offer of a waiver of pursuit of attorney's fees and costs against Ms. Moss, if she will dismiss her lawsuit immediately. I understand that Ms. Moss might perceive this as being a counter-offer of zero, and believe she is unlikely to have an attorney's fee award imposed against her. However, as I'm sure you know, the costs recoverable under Rule 54 alone are likely to be in the $3,000 to $5,000 range for a case such as this, and those costs are automatically awarded to a prevailing party.

November 20, 2006
Page 2

Our offer will be available until the close of business on November 28, 2006. Please let me know if Ms. Moss is interested.

                Sincerely,

                MARTIN, PRINGLE, OLIVER,
                WALLACE & BAUER, L.L.P.

                *[signature]*

                Terry L. Mann

TLM:cj
cc:  Stacy Jeffress