IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHELE N. MOSS,                        )
                        Plaintiff,      )
                                        )
v.                                      )          Case No. 06-4105-JAR
                                        )
                                        )
BLUE CROSS AND BLUE SHIELD              )
OF KANSAS, INC.,                        )
                        Defendant.      )

**ORDER**

This matter comes before the court on plaintiff's Motion for Protective Order (Doc. 21).

Defendant has filed a timely response (Doc. 24) to which plaintiff has timely replied (Doc. 25).

The issues are thus fully briefed and ripe for consideration.

> **I.      Facts and Contentions.**

In December 2006, counsel for both parties discussed scheduling plaintiff's deposition.

Defendants wanted to take plaintiff's deposition "in early January"[1] while plaintiff preferred

February, after the completion of written discovery.[2]  Since neither party could agree, counsel for

defendant decided to "just file a notice" to depose plaintiff.[3]  Defendant filed this Notice for the

taking of the deposition of Michele N. Moss on December 13, 2006, scheduling Ms. Moss'

---

[1] Response (Doc. 24)(Exhibit 2).

[2] *Id.*; *see also* Motion for Protective Order (Doc. 21) at 1.

[3] Response (Doc. 24) at p. 4.

deposition for January 18, 2007.[4]

Plaintiff filed the present motion in response, and asks the court to enter a protective order allowing plaintiff to not attend the noticed deposition and requiring defendant to provided prospective deposition dates in February of 2007.[5]  Plaintiff objects to plaintiff's January 18, 2007 deposition because defendant scheduled plaintiff's deposition without the approval of plaintiff's counsel.  Specifically, plaintiff seeks to postpone plaintiff's deposition because, according to plaintiff, defendant has no intention of settlement and has "instead threatened Plaintiff with court costs."[6]  Plaintiff reasons that if the court reschedules plaintiff's deposition for sometime in February of 2007 the parties can "exchange written discovery."  Thus, should this written discovery prove that "Plaintiff's claims are baseless" then "Plaintiff's counsel would . . . act accordingly"[7] and consequently spare plaintiff the additional deposition costs.[8]

Plaintiff's counsel also seeks to reschedule plaintiff's deposition because, due to a previously scheduled meeting, plaintiff's "counsel" is unavailable on January 18, 2007.[9]  Two attorneys have entered their appearance on behalf of plaintiff and neither the present motion nor plaintiff's reply in support states whether one or both of plaintiff's attorneys are unavailable for the January 18, 2007 deposition.

---

[4]Notice (Doc. 20).

[5] Motion for Protective Order (Doc. 21) at p. 3.

[6]*Id.* at 2.

[7] Plaintiff does not elaborate as to what "act[ing] accordingly" would entail, but the court presumes plaintiff to mean that she would voluntarily dismiss her case.

[8]Motion for Protective Order (Doc. 21) at p 2.

[9] *Id.* at 3.

2

Defendant argues that plaintiff has not demonstrated sufficient good cause to justify the court's issuance of a protective order.[10]  Moreover, defendant seeks to enforce the January 18, 2007 deposition in order to meet the parties' mediation deadline of February 16, 2007, defendants' expert witness deadline of February 28, 2007, and Rule 35 examination deadline of January 16, 2007.[11]

**II. Standard**.

Fed. Rule Civ. P. 26(d) provides in part that "methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery."  However, Rule 26(d) also provides that the sequence of discovery may be modified "upon motion" to the court and "for the convenience of the parties and witnesses and in the interests of justice . . . ."

Fed. Rule Civ. P.  26(c) provides in part that, for good cause shown, the court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden of showing good cause for the entering of the protective order.[12]  To that end, the party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[13]  The decision to enter a protective order lies within the court's

---

[10] Response (Doc. 24) at pp. 7-11.

[11] *Id.* at 6.  Since the filing of defendant's response to the present motion, the court has extended the parties' Rule 35 examination deadline to February 16, 2007.  *See* Order (Doc. 27).

[12] *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000).

[13] *Dean v. Anderson*, No. 01-2599, 2002 U.S. Dist. LEXIS 11536 (D. Kan. June 6, 2002) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981)).

3

discretion.[14]

### III.    Discussion.

#### A.    Waiting until the conclusion of written discovery does not constitute sufficient good cause to warrant a protective order under Rule 26(c).

The court finds that plaintiff's desire to take plaintiff's deposition only after the conclusion of written discovery does not constitute good cause.  That plaintiff could "incur additional expense by attending the noticed depositions does not show undue burden or good cause for a protective order" because "during the course of litigation, parties will generally incur expenses."[15]  Further, "[a] party may not withhold discovery solely because it has not obtained to its satisfaction other discovery."[16]

Here, plaintiff initiated the present lawsuit knowing that she would incur expenses.  Additionally, plaintiff's counsel likely was aware that defendant could seek court costs from plaintiff.  Consequently, plaintiff's concern of added costs does not constitute good cause for the issuance of a protective order and plaintiff may not withhold her own deposition simply because written discovery is either incomplete or unsatisfactory.[17]

#### B. Defendant's "unilateral" scheduling of plaintiff's deposition.

---

[14]*Thomas v. International Bus. Machs.*, 48 F.3d 478, 482 (10th Cir. 1995).

[15]*Sentry Ins. v. Shiver*, 164 F.R.D. 255, 257 (D. Kan. 1996).

[16] *See* Response (Doc. 23) at p. 9 (citing *Pulsecard, Inc. v. Discovery Card Services, Inc*., 168 F.R.D. 295, 308 (D. Kan. 1996)).

[17] Plaintiff's reply states that "[a]s anticipated . . . [d]efense counsel has lodged the standard litany of objections to legitimate discovery requests." *See* Reply (Doc. 25) at p. 1.  The court notes that the present order does not address any pending discovery disputes other than the protective order at issue.

4

The fact that defendant "unilaterally" scheduled this deposition does not necessarily warrant the issuance of a protective order.  "While the court encourages counsel to confer prior to the scheduling of depositions in order to minimize expense and inconvenience, the court does not find such courtesy to be a necessary prerequisite for deposition notice that fully complies with the requirements of the applicable procedural rules to be proper."[18]  Here, other than arguing against the "unilateral" nature of defendant's notice, plaintiff does not argue, and the court does not find, that the noticed deposition has failed to meet any procedural requirements. Indeed, the defendant gave plaintiff more than a month's prior notice of the date before the taking of her deposition.

However, the court finds that because counsel for the plaintiff will not be available for the January 18, 2007 deposition[19], the deposition should be rescheduled for a mutually beneficial time in January of 2007.  Defendant notes that during the parties' December 2006 discussions about the scheduling of plaintiff's deposition, plaintiff's counsel did not mention this scheduling conflict.[20]  Defendant also argues that since two attorneys have entered their appearance on behalf of plaintiff, and presumably the scheduling conflict exists as to only one of plaintiff's attorneys, the deposition should proceed.[21]

---

[18]*SEC v. Tanner*, No. 05-4057, 2005 U.S. Dist. LEXIS 18753 at * 9 (D. Kan. August 30, 2005).

[19] Plaintiff's counsel is additionally unavailable on January 19th or 25th.

[20] *See* Response (Doc. 23) at p. 10 ("Although there was no mention of a calendar conflict when the parties were discussing deposition scheduling on December 13, 2006, plaintiff's counsel now contends that he is in a meeting on January 18, 2007, and thus is entitled to a protective order.").

[21] *Id.* at 10.

5

While one party's "unilateral" scheduling of a deposition does not necessarily amount to good cause, good cause can exist when counsel for the other party cannot attend this "unilaterally" scheduled deposition.[22] Despite defendants' arguments, the court finds that "for the convenience of the parties and witnesses and in the interests of justice . . . ."[23] the inability of plaintiff's "counsel"  to attend the unilaterally scheduled deposition of his client constitutes good cause sufficient to prompt the court to issue a *limited* protective order.

However, as previously discussed, plaintiff's desire to conclude written discovery does not constitute good cause to postpone plaintiff's deposition until such completion.  To that end, the court will not require that plaintiff's deposition occur either after the conclusion of written discovery or in the month of February 2007, as requested by plaintiff.  The court directs counsel for the parties to "cooperate and work together to arrive at a deposition schedule" for plaintiff's deposition at the earliest available date–preferably in January 2007.[24]  While the court appreciates defendant's concern with meeting the court's discovery deadlines, the court does not believe that a limited delay in plaintiff's deposition will prevent the parties from meeting these dates.[25]  Accordingly,

---

[22] *See Carolina Indus. Prods. v. Learjet Inc.*, 2001 U.S. Dist. LEXIS 16089 at * 12 (D. Kan. August 10, 2001)(directing the parties to "cooperate and work together to arrive at a deposition schedule" when one party sought a protective order because the other party had unilaterally scheduled the depositions for a time when counsel for the party seeking a protective order was unavailable).

[23] Fed. Rule Civ. P. 26(e).

[24] *See Carolina Indus. Prods.*, 2001 U.S. Dist. LEXIS 16089 at * 12.

[25] To the extent that these deadlines are jeopardized, the parties are free to file motions requesting any necessary extensions.  In fact, the court has already extended the parties' deadline for Fed. Rule Civ. P. 35 examinations.  *See* Order (Doc. 27).

**IT IS THEREFORE ORDERED** that plaintiff's Motion for a Protective Order (Doc. 21) is granted in part and denied in part.  Plaintiff's presence is not required at the January 18, 2007 scheduled deposition (Doc. 20).

**IT IS FURTHER ORDERED** that the parties "cooperate and work together to arrive at a deposition schedule" for plaintiff's deposition.  Plaintiff's deposition shall take place at the earliest available date–preferably in January 2007.   By no later than January 22, 2007, the parties will have selected and scheduled a mutually agreeable date, time, and location for plaintiff's deposition.

**IT IS SO ORDERED.**

Dated this 17th  day of January, 2007, at Topeka, Kansas.


    s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge