# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MICHELE N. MOSS,                         )
                                         )
              Plaintiff,              )
                                         )
v.                                       )        Civil Action No. 06-4105-JAR
                                         )
BLUE CROSS AND BLUE SHIELD OF            )
KANSAS, INC.,                            )
                                         )
              Defendant.              )
_____  )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS TO DEFENDANT.

### INSTRUCTIONS

1.     In accordance with FRCP 33, Blue Cross and Blue Shield of Kansas (BCBSKS) should serve copies of its written answers to the Interrogatories herein upon the undersigned counsel within thirty (30) days after the date of service of these interrogatories.

2.     In accordance with FRCP 33, each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

3.     If an interrogatory is not answered because of a claim of privilege, please set forth the privilege claimed, the facts relied upon to support the claim of privilege and identify all documents for which, or on the basis of which, such privilege is claimed.

1

4.    Whenever a full and complete answer to any interrogatory or part of an interrogatory is contained in a document or documents, the document(s), if appropriately identified as answering a specific numbered interrogatory or part of an interrogatory, may be produced either together with a written answer or in place of a written answer.

5.    The interrogatories herein are continuing in character and require the filing of supplementary answers if further or different information is obtained.

6.    The right to request answers to additional or supplementary interrogatories is hereby reserved.

7.    In accordance with the applicable instruction contained in FRCP 36 the request for admission should be answered and returned within 30 days of receipt.

## DEFINITIONS

1.    As used herein and unless otherwise specified, the terms "you" or "your" or Defendant shall mean the Defendant, BlueCross BlueShield of Kansas (BCBSKS), as well and/or other person(s) acting or purporting to act on its behalf including but not limited to any employee, officer, agent, contractor, associate, or business agent of BCBSKS.

2.    As used herein and unless otherwise specified, the terms "person" or "persons" mean not only natural persons, but also firms, partnerships, associations, trusts, estates, corporations, joint ventures, and governmental units, agencies, divisions, departments, agents, and employees of the same.  The term "other person" means all persons other than the individual signing the responses to these interrogatories.

2

3.    "Communication" as used herein refers to any inquiry, discussion, conversation, negotiation, agreement, undertaking, meeting, telephone conversation, letter, note, telegram, telex, facsimile or other form of expression, whether written or oral or in any form including electronic.

4.    As used herein and unless otherwise specified, the term "document" is intended to be synonymous in meaning and equal in scope to the usage of the term in Federal Rules of Civil Procedure 34(a)(1). The term, as used herein, includes any tangible thing, recording or reproducing any visual or auditory information, however produced or reproduced, now or anytime, whether or not said document is in your possession, custody, or control, including but not limited to, all letters, telegrams, teletypes, telefaxes, reports, receipts, memoranda, notes, notebooks, sound recordings or transcriptions thereof, photographs, film, sketches, drawings, checks and drafts of any of the foregoing, including those upon which notations have been made which do not appear on the originals.

5.    As used herein and unless otherwise specified, the words "identify" and "identity" mean:

A.    When used in connection with a natural person, to state his or her full name, his or her occupation and business title(s), if any, his or her last known business and residence addresses and telephone numbers, and any relationship such individual has to the Plaintiff herein;

B.    When used in connection with a business concern, to state its full name and the names under which it does business, the principal office address of the business, the principal street and mailing addresses of the business, whether the business operates as a sole proprietorship, partnership, corporation, joint venture or other business

3

association, principal type of business in which it is engaged, and the identities of the chief executive officer and the resident agent of the business; and

        C.     When used in connection with a document, to state its date and author, the type of document, its present location, the identity of the custodian thereof, and sufficient information about its nature or substance to enable its identification.

6.     As used herein the term "Complaint" shall refer to the Complaint filed in the case captioned Michele N. Moss v. BlueCross BlueShield of Kansas, Inc., Case No. 06-4105-JAR.

## REQUEST FOR ADMISSION NO 1.

Blue Cross Blue Shield of Kansas' (BCBSKS) initial productions pages BCBSKS000018 to BCBSKS000038 are the only applicable portions of the employee handbook that apply to BCBSKS' requirements for utilizing FMLA leave.

     **RESPONSE:**

**INTERROGATORY NO 1.**

If your response to the foregoing request for admission is anything but an unqualified affirmative admission, please set forth in detail all of the facts, reasons, and any applicable legal precedent that would support your good faith denial and identify any other applicable provisions that BCBSKS may have had in place during Michele Moss' employment that you contend are applicable to her request for leave in May of 2006.

**RESPONSE:**

5

## REQUEST FOR ADMISSION NO 2.

Blue Cross Blue Shield of Kansas' (BCBS) employee handbook, pages BCBSKS000025 to BCBSKS 000026 applies only to sick leave for salaried employees and does not apply to FMLA leave.

**RESPONSE:**

**INTERROGATORY NO 2.**

If your response to the foregoing request for admission is anything but an unqualified affirmative admission, please set forth in detail all of the facts, reasons, and any applicable legal precedent that would support your good faith denial.

**RESPONSE:**

**REQUEST FOR ADMISSION NO 3.**

Michele Moss had a serious mental health condition that involved in patient care or continuing treatment by a health care provider at the time of termination from employment with BCBSKS.

**RESPONSE:**

8

## INTERROGATORY NO 3.

If your response to the foregoing request for admission is anything but an unqualified affirmative admission, please set forth in detail all of the facts, reasons, and any applicable legal precedent that would support your good faith denial.

**RESPONSE:**

## REQUEST FOR ADMISSION NO 4.

Cathy Holmes knew on Monday, May 15, 2006, by way of email (BCBSKS000039) that Michelle Moss was suffering from a serious health condition.

**RESPONSE:**

## INTERROGATORY NO 4.

If your response to the foregoing request for admission is anything but an unqualified affirmative admission, please set forth in detail all of the facts, reasons, and any applicable legal precedent that would support your good faith denial.

**RESPONSE:**

11

**REQUEST FOR ADMISSION NO 5.**

BCBSKS expects an employee to call in everyday they are on FMLA even if they are physically or mentally unable to do so.

**RESPONSE:**

## REQUEST FOR ADMISSION NO 6.

Plaintiff's initial production bates labeled BCBS-Moss 107 to 109 is an true and correct copy of the decision rendered by the administrative law judge finding that BCBSKS wrongfully terminated Michele Moss and owed her unemployment compensation.

**INTERROGATORY NO 5.**

If your response to the foregoing request for admission is anything but an unqualified affirmative admission, please set forth in detail all of the facts, reasons, and any applicable legal precedent that would support your good faith denial.

**RESPONSE:**

## INTERROGATORY NO 6.

List the name of any person involved or having input, discretion, or decision making

power that was involved in any way in making the decision to fire Michele Moss.

**RESPONSE:**

## INTERROGATORY NO 7.

List the name of the person at the highest level in BCBSKS' management structure who made the final decision to fire Michele Moss and was ultimately responsible for that decision.

**RESPONSE:**

16

## INTERROGATORY NO 8.

List any and all employees in the last 10 years who have been terminated or disciplined, reprimanded, or suffered any type of adverse employment action whatsoever, for violating BCBSKS' FMLA leave policy and in relation to the employees identify and provide the following:

-Any documents evidencing or supporting the terminations, discipline, reprimand or adverse employment action.

-The date of such action

-The supervisors, management, or any person in a position of authority who participated in such action

-The personnel file fo the employee involved in such action

**RESPONSE:**

17

**INTERROGATORY NO 9.**

List any and all employees who have been terminated, disciplined, reprimanded, or have been subject to any type of adverse employment action for failing to call in for two consecutive days pursuant to document BCBSKS000025, second paragraph that provides for this policy according to documents produced by BCBSKS.

     -Any documents evidencing or supporting the terminations, discipline, reprimand or adverse employment action.

     -The date of such action

     -The supervisors, management, or any person in a position of authority who participated in such action

     -The personnel file fo the employee involved in such action

**RESPONSE:**

**INTERROGATORY NO 10.**

Identify any and all persons (other than Plaintiff) who, from January 1, 1996, to the present, have filed a lawsuit, complaint, administrative charge, or claim of sexual harassment, Title VII violations, ADA violations, ADEA violations, or FMLA violations against BCBSKS and provide the following in relation to the claim lawsuit, complaint, administrative charge, or claim of sexual harassment, Title VII violations, ADA violations, ADEA violations, or FMLA violations :

-The name of the attorney who represented the individual

-The resolution of the lawsuit, complaint, administrative charge, or claim

-The supervisors, managers, or upper level employees involved with handling or investigating the lawsuit, complaint, administrative charge, or claim

-The case caption and number, court (if lawsuit was actually filed), and ultimate outcome

**RESPONSE:**

19

## INTERROGATORY NO 11.

Identify any and all persons who participated, in any way, in any investigation conducted by Defendant regarding Plaintiff's FMLA leave, this lawsuit, Plaintiff's medical condition prior to or after termination, and the decision and circumstances that surrounded Plaintiff being terminated.

**RESPONSE:**

20

**INTERROGATORY NO 12.**

Identify any and all persons who at any time from January 1, 2000,  to the present are or have been supervised by Cathy Holmes, provide whether the individual is still employed with BCBSKS and if not their date and reason for departure from BCBSKS.

**RESPONSE:**

**INTERROGATORY NO 13.**

List for the previous 10 years to the present date any legal action, civil or criminal, in which defendant has been involved either as a party, a witness, a plaintiff, a defendant or otherwise, pertaining to violations of Title VII, the ADEA, ADA, racial discrimination, sex discrimination, or violating the FMLA of 1993, providing the case name, case number, and court where the case was or is pending., the name of the opposing attorney and ultimate outcome of the case.

**RESPONSE:**

22

## INTERROGATORY NO 14.

Identify all documents which BCBSKS consulted, relied upon, or referred to in preparing its responses to these Interrogatories, its answer to Plaintiff's Complaint, and its disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

**RESPONSE:**

23

## INTERROGATORY NO15.

Identify and describe in detail each action BCBSKS took if any, in investigating Michele Moss' need for FMLA leave in May of 2006, the reason for her absences in May of 2006, and/or whether her absences qualified for FMLA leave, provide and identify any documentation generated as a result of such investigation.

**RESPONSE:**

24

## INTERROGATORY NO 16.

Identify any and all persons whom you contend have knowledge of the facts and circumstances alleged in the Complaint.

**RESPONSE:**

## INTERROGATORY NO 17.

For each person identified in response to Interrogatory No. 17 above, state the facts which you contend are known to each person.

**RESPONSE:**

**INTERROGATORY NO 18.**

For each fact set forth in response to Interrogatory No. 18 above, identify any and all documents which describe, support, or otherwise reflect the facts known to each person.

**RESPONSE:**

Respectfully Submitted,

Dated this 29th day of November, 2006

/s/ Casey A. Jenkins
Harold S. Youngentob - #08004
Casey A. Jenkins - #22664
GOODELL, STRATTON, EDMONDS &
 PALMER, LLP
515 S. Kansas Ave.
Topeka, KS 66603-3999
785-233-0593
785-233-8870 (fax)
hyoungentob@goodellstrattonlaw.com
cjenkins@goodellstrattonlaw.com

27

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2006, a true and correct copy of the above and foregoing was served via e-mail to:

Terry L. Mann
Lora M. Jennings
MARTIN, PRINGLE, OLIVER, WALLACE & BAUER, L.L.P.
100 N. Broadway, Suite 500
Wichita, Kansas 67202
tlmann@martinpringle.com

Stacy A. Jeffress
BLUE CROSS AND BLUE SHIELD
OF KANSAS, INC.
1133 Topeka Blvd., P.O. Box 239
Topeka, Kansas 66629
stacy.jeffress@bcbsks.com

/s/ Casey A. Jenkins
Casey A. Jenkins - #22664