# EXHIBIT "B"

LAW OFFICES OF

# GOODELL·STRATTON
# EDMONDS & PALMER

ESTABLISHED 1881                                    LLP

WAYNE T. STRATTON
ARTHUR E. PALMER***
H. PHILIP ELWOOD
HAROLD S. YOUNGENTOB*
CHARLES R. HAY
PATRICK M. SALSBURY
JOHN H. STAUFFER, JR.
N. LARRY BORK**
ANNE M. KINDLING
CAROL RUTH BONEBRAKE
NATHAN D. LEADSTROM***

*ALSO ADMITTED IN MISSOURI AND NEW YORK
**ALSO ADMITTED IN NEBRASKA
***ALSO ADMITTED IN MISSOURI

515 SOUTH KANSAS AVENUE
TOPEKA, KANSAS 66603-3999
785-233-0593
FAX: 785-233-8870

MIRANDA K. OWENS
CASEY A. JENKINS***
RICHARD J. RAIMOND

*SPECIAL COUNSEL*
MARGARET A. GATEWOOD

*OF COUNSEL*
GERALD L. GOODELL
GERALD J. LETOURNEAU
JOHN A. BAUSCH

*DECEASED*
ROBERT E. EDMONDS (1932-2001)
ROBERT A. McCLURE (1920-2002)

January 2, 2007

Terry L. Mann
MARTIN, PRINGLE, OLIVER,
  WALLACE & BAUER, L.L.P.
100 N. Broadway, Suite 500
Wichita, Kansas 67202

*VIA EMAIL & REGULAR MAIL*

Re:   Moss vs. Blue Cross/Blue Shield
      Our File No: 42997

Dear Terry:

Please consider this our golden rule letter and request that you produce and provide the following information:

Interrogatory No. 8 is not a complete response. This interrogatory is calculated to lead to discovery and at the very minimum show a habit of violations of the FMLA by BCBS. Your claim that it is too burdensome to review files is not supported. We need to know what attempts were made to retrieve the information electronically, what types of codes were searched, how many man hours you estimate it would take to produce the answers, and finally the cost you estimate it would require to produce the required information.

Further, you could at least provide the information for a shorter period than 10 years, but you did not propose a shorter period. In short, we will need information relative to the attempts made to retrieve the requested information before we are able to determine if, in fact, the request is too burdensome and if BCBS has made a good faith attempt to comply with discovery. "A party objecting to discovery on the basis of overbreadth must support its objection, unless the request appears overly broad on its face." *Raytheon Aircraft Corp. v. United States*, 2006 U.S. Dist. LEXIS 63363 (D. Kan. 2006) citing *Cory v. Aztec Steel Bldg., Inc*, 225 F.R.D. 667, 672 (D. Kan. 2005); *Chubb Integrated Sys. v. National Bank of Washington*, 103 F.R.D. 52, 59-60 (Dist. D.C. 1984). "As the party objecting to discovery, defendant has the burden of showing facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome." *BAILEY v. SBC DISABILITY INCOME PLAN*, 2006 U.S. Dist. LEXIS 92439 (D. Kan. 2006)(internal quotations omitted) quoting *Horizon Holdings Inc. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002). "The objecting party must show specifically how, despite, the broad and liberal construction afforded the federal discovery rules, each question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the

GOODELL, STRATTON, EDMONDS & PALMER, L.L.P.

Terry L. Mann
January 2, 2007
Page 2

burden." *Hammond v. Lowes Home Centers, Inc.*, Case No. 02-2509-CM, *8 (D. Kan. 2003).

  As I'm sure you know general objections asserting the standard defense counsel responses to tough questions are not sufficient. *See Puricelli v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991); *Boselli v. Septa*, 108 F.R.D. 723, 726 (E.D. Pa. 1985). "The familiar litany of general objections, including overly broad, burdensome, oppressive will not alone constitute a successful objection to an interrogatory nor will a general objections fulfill the objecting party's burden to explain is objections." *Hammond v. Lowes Home Centers, Inc.*, Case No. 02-2509-CM, *8 (D. Kan. 2003). Terry, the above reasoning is applicable to your objections in response to Interrogatories: 9, 10, 12, and 13. Any requests for productions related to documents concerning Interrogatories 8, 9, 10, 12, and 13, must also be produced based on the reasons stated above.

  Your claims that since information is sought about lawsuits under the ADA, ADEA, or Title VII are not relevant is specious. Despite the fact that the information requested is not for identical claims as plaintiffs does not matter for purposes of discovery as the District of Kansas has determined that "[d]iscovery requests-even thought they will most likely discovery some information about complaints and problems of a different type and magnitude than the alleged complaints and problems relating to Plaintiff-are still likely to lead to the discovery of admissible evidence." *Sonnino, M.D. v. University of Kansas Hospital Authority*, Case No. 02-2576-KHV-DJW *24 (D. Kan. 2004). Further, [r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Sonnino, M.D. v. University of Kansas Hospital Authority*, Case No. 02-2576-KHV-DJW *24 (D. Kan. 2004). Often we've found that information form other lawsuits will reveal a pattern or practice that is relevant to the instant suit. *Cox v. McClellan*, 174 F.R.D. 32, 34 (D.N.Y. 1997); *Mabel v. Equitable Life Assurance Soc.*, 1992 U.S. Dist. LEXIS 17512 (D. Pa. 1992)(and cased cited therein). Please set forth full and complete answers to our legitimate interrogatories.

  A motion to compel will follow if we do not have full and complete responses by January 8, 2007.

  Regarding mediation, my position is that mediation is futile by reason of your previous correspondence. I do not want to waste money. What do you think?

           Sincerely yours,

           Harold S. Youngentob

HSY/ra