# EXHIBIT "C"



**MARTIN | PRINGLE**
ATTORNEYS AT LAW

MARTIN, PRINGLE, OLIVER, WALLACE & BAUER, L.L.P.

| Wichita | Overland Park | Kansas City, Missouri |
|---|---|---|
| 100 N. Broadway, | 6900 College Boulevard, | 4700 Belleview, |
| Suite 500 | Suite 700 | Suite 210 |
| Wichita, KS 67202 | Overland Park, KS 66211 | Kansas City, MO 64112 |
| T 316.265.9311 | T 913.491.5500 | T 816.931.1133 |
| F 316.265.2955 | F 913.491.3341 | |

www.martinpringle.com

**TERRY L. MANN**
Wichita Office
tlmann@martinpringle.com

January 5, 2007

**VIA E-MAIL**
Harold Youngentob
Casey Jenkins
Goodell, Stratton, Edmonds & Palmer, L.L.P.
515 South Kansas Avenue
Topeka, KS 66603-3999

        Re: Moss v. BCBSKS, Inc.
        Case No. 06-4105
        Our File No. 26642-03

Dear Harold and Casey:

We have reviewed your responses to our written discovery requests, and have some issues that we need to discuss. In particular, please take a look at the following requests and responses:

**Interrogatory No. 4** – Your response has omitted page 11 of our requests, which includes Interrogatory No. 4. My legal assistant, Debbie Martinez, e-mailed you about the missing pages on January 2. Please provide a complete response.

**Interrogatory No. 5** – Requests beginning and ending dates of employment periods, and the reason for termination. The resume you provided only provides the year of the beginning and ending dates, and does not address the reason for termination. Please supplement.

**Interrogatory No. 12** – Requests information about plaintiff's search for other employment, including the dates of application. The response indicates that the list provided is just a partial one, and contends that it is unreasonable for defendant to expect to receive such information. First of all, plaintiff was required, as part of her qualification to receive unemployment compensation benefits, to document her efforts to find a position, including the names of places where she applied, and the dates she made application. Also, under the FMLA, plaintiff has the obligation to exercise reasonable efforts to mitigate her claimed damages. That imposes upon her the obligation to document those efforts, and the information produced is insufficient to achieve that purpose. For example, she's produced an e-mail dated July 10, 2006, indicating that she has applied for an administrative assistant position. It doesn't identify the employer, and the preceding and following pages list a whole group of jobs. I cannot tell which of those positions Ms. Moss applied for. I plan to send subpoenas to

January 5, 2007
Page 2

the prospective employers that plaintiff identifies, and I just don't have enough information to do that. By the way, in regard to the portion of the response that states that plaintiff's failure to obtain alternative employment is due to BCBSKS's failure to provide a "decent reference," I would note that, by Kansas statute, a former employer is only required to confirm dates of employment and job title. The company consistently follows that practice, so plaintiff is not being treated any differently than any other former employee.

**Interrogatory No. 13** – Requests information about what amount of income plaintiff has received since her termination. As you know, the receipt of unemployment compensation benefits is contingent on several factors, such as being ready, willing, and able to accept other employment, compliance with the Department of Labor's requirements about searching for other employment, etc. The employer is not notified as to whether the claimant is fulfilling those requirements, so we would not have independent information as to whether benefits were denied at any particular time. Plaintiff should have the payment information provided with her unemployment benefits, and I think we are entitled to receive copies of that. Please supplement.

**Interrogatory No. 14** – Requests information about any period of time in which plaintiff has been unable to work due to a physical or mental disability, including dates, nature of the illness, injury, or disability, and the doctor's name who imposed the restriction. Your response does not adequately respond to the inquiry. Please supplement.

**Interrogatory No. 15** – Requests the full and specific factual basis for plaintiff's claims under the FMLA, including the dates requested, the purpose for such leave, when and how the defendant was notified of the need for leave. Your response says that plaintiff was terminated while on FMLA leave. Your response is incomplete (for example, you have not specified whether plaintiff wanted leave for her own health condition, the health condition of a minor child (as she indicated), which days the condition(s) existed, etc. You indicate that plaintiff returned her leave request on May 11, 2006. The company's records indicate that the leave request form was not received until May 23, 2006. Please identify the facts or documents supporting your contention in that regard.

**Interrogatory No. 16** – Requests the factual basis for any response to the requests for admission that is something other than an unqualified admission. Your response indicates that we have exceeded the allowed number of interrogatories, citing a case from Louisiana. I would call to your attention that we are allowed thirty interrogatories, and that we've only submitted twenty. As a result, I would like for you to provide the factual basis for your denial of Requests for Admission Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, and 22, if the factual basis for the denial is other than stated in the response. I note that several of your responses to our requests for admissions state a denial, and then refer back to Interrogatory No. 16. The answer to Interrogatory No. 16 just says that we've exceeded the allowed number of

January 5, 2007
Page 3

interrogatories. That makes the responses to all of those requests for admission wholly deficient, as we are allowed to ask as many requests for admission as we wish.

**Requests for Production of Documents**

**Request No. 3** – Requests income tax returns from 2000 through 2005. Your response provides the returns for 2000, 2003, 2004, and 2005. You indicate that plaintiff is unable to locate the returns for 2001 and 2002, because IRS regulations only require taxpayers to maintain copies of their returns for three years. I'm no tax lawyer, but those in my office who are say that there is no IRS regulation that specifies how long a taxpayer must retain copies of a return, but that most people keep returns for at least six years, because that is how far the government can go back if there is an understatement of taxes owed. I'm sure that, if plaintiff does not have the returns for 2001 and 2002 in her possession, she could obtain copies from the IRS via written request. On the other hand, if plaintiff and her husband are guilty of income tax evasion in those years, I'm entitled to know that. Please supplement.

**Request No. 4** – As addressed above, please provide the documentation that plaintiff received from the Kansas Department of Labor relating to her unemployment compensation benefits.

**Request No. 17** – The request is not limited to a damages context. If there are documents responsive to the request, I ask that you supplement the response.

**Request No. 18** – The request is specifically directed to the documentation that plaintiff provided to the Kansas Department of Labor in support of her contention that she was actively seeking employment. I do not see that log in the documents you've attached. Please supplement.

**Request Nos. 23, 24, 25, and 26** – Your response to our requests omits page 36 of our requests, which includes these items. My legal assistant, Debbie Martinez, e-mailed you about the missing pages on January 2. Please provide a complete response.

**Requests for Admissions**

Generally, I think that your responses to our requests for admission fail to admit the truth of the matter addressed, such as equating leaving a voice mail with a personal conversation. I suggest that you review Rule 37(c)(2). If we have to incur expenses in order to prove up the facts that ought to have been admitted, we will seek to recover the related expenses. This is particularly true of the requests your have denied, apparently on the grounds that you believe that we have exceeded the allowed number of interrogatories. While interrogatories are limited to thirty, there is no similar limitation on requests for admission. Please provide full and complete responses.

January 5, 2007
Page 4

Finally, I note that I did receive plaintiff's signed authorizations in today's mail, under cover of a letter dated January 4, 2007 – not December 27, as previously indicated.

I look forward to visiting with you regarding these discovery issues.

                Sincerely,

                MARTIN, PRINGLE, OLIVER,
                WALLACE & BAUER, L.L.P.

                Terry L. Mann

TLM:cj
cc: Stacy A. Jeffress
    LMJ