IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHELE N. MOSS,                          )
                        Plaintiff,        )
                                          )
v.                                        )          Case No. 06-4105-JAR
                                          )
                                          )
BLUE CROSS AND BLUE SHIELD                )
OF KANSAS, INC.,                          )
                        Defendant.        )

**MEMORANDUM AND ORDER**

Plaintiff filed the present Motion to Compel Answers to Interrogatories and Request for

Productions on January 25, 2007 (Doc. 29).  Defendant Blue Cross and Blue Shield of Kansas

("BCBSKS") filed a response (Doc. 48), to which plaintiff has replied (Doc. 49).  The issues are

therefore fully briefed and ripe for discussion.

**I.      Background**

Plaintiff has brought her claims under the Family and Medical Leave Act ("FMLA"), 29

U.S.C. 2601 *et seq*.  Specifically, plaintiff contends that defendant "violat[ed] the FMLA [by]

interfering with, restraining and denying the Plaintiff's exercise or attempt to exercise her right

to use protected leave."[1]  For the purposes of the present motion, the court will construe

plaintiff's pleadings as also claiming FMLA retaliation against defendant.[2]

_____

[1]*See* Notice of Removal (Doc. 1) (Attachment 1) at p. 4.

[2]The record is not clear as to whether plaintiff claims FMLA retaliation.  *See id.*
However, because the facts alleged in plaintiff's state court petition read broadly could include a
claim of  FMLA retaliation, for the purposes of the present motion, the court will construe
plaintiff's pleading accordingly.

1

Plaintiff filed the present motion seeking to compel responses to Interrogatory Nos. 8, 9, and 10 and production of documents to Request Nos. 2, 3, 7, 8, 13-18, and 20.  As detailed below, the court grants in part and denies in part the present motion.

## II.   Interrogatories

### A.   Interrogatory Nos. 8 and 9.

**Interrogatory No. 8**

List any and all employees in the last 10 years who have been terminated or disciplined, reprimanded, or suffered any type of adverse employment action whatsoever, for violating BCBSKS' FMLA leave policy and in relation to the employees' identity provide the following:
-Any documents evidencing or supporting the terminations, discipline, reprimand or
    adverse employment action
-The date of such action
-The supervisors, management, or any person in a position of authority who participated
    in such action
-The personnel file of the employee involved in such action

Response:
Defendant objects to this interrogatory as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  There is no way to identify the designated employees other than by reviewing the personnel files of every person who work for the defendant during the past ten years.  That would include thousands of employees, and the time commitment necessary to review of the personnel files would be quite burdensome.

**Interrogatory No. 9**

List any and all employees who have been terminated, disciplined, reprimanded, or have been subject to any type of adverse employment action for failing to call in for two consecutive days pursuant to document BCBSKS000025, second paragraph that provides for this policy according to documents produced by BCBSKS.
        -Any documents evidencing or supporting the termination, discipline, reprimand
        or adverse employment action.
        -The date of such action
        -The supervisors, management, or any person in a position of authority who
        participated in such action.
        -The personnel file of the employee involved in such action

2

Response: Defendant objects to this interrogatory as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The interrogatory is unlimited by any date range, and thus calls for information throughout the years that defendant has utilized the referenced policy, or one with similar requirements.  Furthermore, the only way to identify the employees is by reviewing the personnel files of all current and former employees who worked for defendant while such a policy was in effect.  The time commitment to review all such personnel files is quite burdensome.

### 1.      Relevancy Objection

Generally, "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[3] "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery."[4]  When relevancy is not readily apparent, however, the party seeking discovery has the burden of showing the relevancy of the discovery request.[5]

Plaintiff argues that Interrogatory Nos. 8 and 9 are "clearly relevant on [their] face, as [they] seek[] information to determine if BCBS is a continuous violator of federal law."[6] However, proving that BCBS is a "continuous violator of federal law" does not appear relevant to any of the FMLA claims or defenses of the parties.  Thus, plaintiff bears the burden of

---

[3]*Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001).  *See also* Fed. Rule Civ. P. 26(b)(1).

[4]*Gen. Elec. Capital Corp. v. Lear Corp.,* 215 F.R.D. 637, 640 (D. Kan. 2004).

[5]*Pulsecard, Inc. v. Discover Card Services*, 168 F.R.D. 295, 309 (D. Kan. 1996)(citation omitted).

[6] Memorandum in Support (Doc. 30) at p. 7.

demonstrating the relevancy of Interrogatory Nos. 8 and 9.

Plaintiff offers two reasons why these Interrogatories are relevant.  First, plaintiff argues that "[i]n employment cases, like this case, the scope of discovery is particularly broad and an employer's general practices and operations are relevant even if the plaintiff is asserting an individual employment violation, like the FMLA."[7]  Plaintiff is correct in that the Tenth Circuit has stated that "discovery in [employment] discrimination claims should not be narrowly circumscribed."[8]  Indeed, such information is relevant in employment discrimination cases because "the testimony of other employees about their treatment by the defendant is relevant to the issue of the employers discriminatory intent."[9]

Second, plaintiff argues, and the court agrees, that answers to Interrogatory Nos. 8 and 9 could lead to evidence as to whether BCBSKS uniformly applied its FMLA or its attendance "call in" policies.  BCBSKS argues that its legitimate non-discriminatory reason for terminating plaintiff stems from her failure to meet its call in policy.[10]  As part of a FMLA retaliation claim, plaintiff could prove this reason was a pretext.  As "[a] plaintiff can demonstrate pretext by showing weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's reasons for its action . . ."[11] information regarding BCBSKS' application of its

---

[7] *Id.* at 5.

[8] *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (citing *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343-44 (10th Cir. 1975)).

[9] *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1156 (10th Cir. 1990).

[10] *See* Answer (Doc. 8) at p. 3-4; Response (Doc. 48) ("Plaintiff was terminated . . . because she failed to adhere to the company's policy requiring employees to contact their supervisor each day they are absent, unless leave has been approved.").

[11] *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997).

4

FMLA[12] or its "call in" policies[13] could lead to relevant evidence.  Thus, the court finds that plaintiff has met her burden of establishing relevancy, and the court overrules defendant's objection.

### 2.    Overly Broad and Unduly Burdensome

As the party objecting to discovery, defendant has "the burden of showing facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."[14]  Defendant has failed to provide an "affidavit or specific supporting information" to substantiate its overly broad and unduly burdensome objections to Interrogatory Nos. 8 and 9.  Thus, defendant has not met its "obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money, and procedure required to produce the requested documents."[15]  Further, the "mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and the possibility of injury to the business of the party from whom discovery is sought does not itself require denial of the motion."[16]

---

[12]*See Batt v. Kimberly-Clark Corp.*, No. 05-0421, 2006 U.S. Dist. LEXIS 37482 at *10-11  (N.D. Okla. June 6, 2006)(upholding the Magistrate's order requiring defendant to identify all employees who had made FMLA requests).

[13]*See Moody v. Honda of Am. Mfg.*, No. 05-0880, 2006 U.S. Dist. LEXIS 43092 at *18-19 (S.D. Ohio June 26, 2006)(holding as to plaintiff's FMLA retaliation claim that "discovery of information concerning other similarly-situated employees is reasonably calculated to lead the discovery of admissible evidence.").

[14] *Horizon Holdings Inc. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002) (citing *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 322 (D. Kan. 1991)).

[15] *Id.*

[16]*Snowden v. Connaught Lab., Inc.,* 137 F.R.D. 325, 332-33 (D. Kan. 1991).

### 3.        Overly Broad and Unduly Burdensome on Their Face.

However, defendant's failure to specify its potential burden is not dispositive of its

objection.  As defendant points out, an objecting party's "failure to meet its evidentiary burden is

not necessarily fatal to its claim that the requests are unduly burdensome" because "an exception

. . . applies when the discovery request is unduly burdensome on its face."[17]  Courts in the

District of Kansas have "held on numerous occasions that a request or interrogatory is unduly

burdensome on its face if it used the omnibus term 'relating to' or 'regarding' with respect to a

general category or group of documents."[18]  Yet the request need not use "relating to" or

"regarding" because the request's "overall wording" can make the request facially unduly

burdensome and overly broad.[19]  Courts often ask whether the request's wording "requires the

answering party to 'engage in mental gymnastics to determine what information may or may not

be remotely responsive.'"[20]

Defendant chiefly argues that to locate any employee who has suffered "any type of

adverse employment action" due to either violation of defendant's FMLA policy[21] or

defendant's "call in" attendance policy[22] would require review of more than 1,800 personnel

files.  Moreover, defendant argues that determining "any type of adverse employment action"

---

[17] *Aikens v. Deluxe Fin. Servs.*, 217 F.R.D. 533, 537-38 (D. Kan. 2003).

[18] *Id.*

[19] *Contracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 666 (D. Kan. 1999).

[20] *Aikens*, 217 F.R.D. at 538 (emphasis added).

[21] Interrogatory No. 8.

[22] Interrogatory No. 9.

6

would include undocumented incidents of employees who had received verbal warnings or counseling. Consequently, collection of such "anecdotal evidence would require interviewing every current and former supervisor who worked for the company in the past five years."[23] Defendant also argues Interrogatory No. 9 is not narrowed as to temporal scope and that even to limit Interrogatory No. 9 to the past five years, as suggested by defendant,[24] would still require reviewing 1,800 personnel files.

The court agrees that to determine "any type of adverse employment action" would require defendant to engage in mental gymnastics in order to determine what might be remotely responsive as to Interrogatory Nos. 8 and 9. Moreover, the court finds the lack of temporal scope of Interrogatory No. 9 is facially over broad.

However, the court also finds that a review of 1,800 files is not necessarily overly broad or unduly burdensome on its face. Plaintiff argues that FMLA leave and termination for attendance is specifically coded by BCBSKS. Plaintiff concludes, and defendant does not refute, that such coding could easily be searched by computer.[25] As plaintiff suggests, a simple computer search could produce information sufficient to respond to both Interrogatories or, at a minimum, guide defendant's further searches. Consequently, the court finds that a review of 1,800 files is not in and of itself overly broad and unduly burdensome on its face.

a.    **Adequate Guidance Exists.**

That the court has found in some respects Interrogatory Nos. 8 and 9 to be overly broad

---

[23]Response (Doc. 48) at p. 8. n.4.

[24]The defendant employed plaintiff for five years.

[25] Memorandum in Support (Doc. 30) at p. 8-10.

7

and unduly burdensome, "does not automatically relieve [the objecting party] of its obligation to provide responses . . . to the extent the request is not objectionable."[26] However, the court will not require a party "to respond to an overly broad discovery request unless adequate guidance exists as to what extent the request is not objectionable."

In establishing guidance and to avoid crafting an arbitrary order, "the court must define the extent to which the interrogatory is reasonably answerable and not objectionable."[27]  To this end, the court may use "other matters of record [to] define the discoverability of certain information encompassed by the interrogatory."[28]

Consequently, the court directs defendant to respond to Interrogatory No. 8 to the extent it seeks to obtain information regarding only those employees who have been terminated or disciplined in writing (including reprimands) for violating BCBSKS' FMLA policy.  As to Interrogatory No. 9, plaintiff proposes that defendant "could at least provide . . . all employees terminated for attendance."  Thus, the court further directs defendant to respond to Interrogatory No.  9 to the extent it seeks information regarding *documented* instances of employee termination for attendance within the last five years.

### B.      Interrogatory No. 10.

**Interrogatory No. 10**

---

[26] *Aikens*, 217 F.R.D. at 538 (emphasis in original).  *See also* Fed. R. Civ. P. 33(b)(1); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 198 (D. Kan. 1996) (requiring no answer "unless adequate guidance exists as to what extent the interrogatory is not objectionable.").

[27] *Aikens*, 217 F.R.D. at 538-39 (D. Kan. 2003) (quoting *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 198 (D. Kan. 1996)).

[28] *Id.* at 539.  *See also Horizon Holdings, LLC v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 215 (D. Kan. 2002) (citing *Mackey*, 167 F.R.D. at 197).

Identify any and all persons (other than Plaintiff) who, from January 1, 1996, to the present, have filed a lawsuit, complaint, administrative charge, or claim of sexual harassment, Title VII violations, ADA violations, ADEA violations, or FMLA violations against BCBSKS and provide the following in relation to the claim lawsuit, complaint, administrative charge, or claim of sexual harassment, Title VII violations, ADA violations, ADEA violations, or FMLA violations:
-The name of the attorney who represented the individual
-The resolution of the lawsuit, complaint, administrative charge, or claim
-The supervisors, managers, or upper level employees involved with handling or
        investigating the lawsuit, complaint, administrative charges, or claim
-The case caption and number, court (if lawsuit was actually filed), and ultimate outcome

Response: Defendant objects to this interrogatory as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff does not assert any claims under Title VII, the ADEA, the ADA, and the deadline for amending the pleadings to assert new claims has passed.[29]

### 1.    Relevancy Objection

The court finds Interrogatory No. 10 lacks relevancy on its face.   Plaintiff argues that Interrogatory No. 10 is relevant because "this information can prove . . . that BCBS has a pattern of violating federal employment law."[30]  Again, whether defendant previously "violated federal law" other than the FMLA does not appear facially relevant to plaintiff's FMLA claims.

### a.    Plaintiff's reliance on *Sonnino v. University of Kansas Hospital Authority* is not persuasive.

As Interrogatory No. 10 does not appear facially relevant, plaintiff bears the burden of proving its relevancy.  In support, plaintiff cites *Sonnino v. University of Kansas Hospital Authority* for the proposition that "[i]t is well established that '[d]iscovery requests-even though they will most likely discover some information about complaints and problems of a different

---

[29]Defendant lists the two FMLA federal lawsuits filed against it in the previous ten years, the attorneys involved, the status of the case, and the identity of the in-house counsel for BCBSKS who have handled these cases.

[30] Memorandum in Support (Doc. 30) at p. 11

type and magnitude than the alleged complaints and problems relating to Plaintiff-are still likely to lead to the discovery of admissible evidence.'"[31]

*Sonnino* merely supports the proposition that broad discovery is permissible in employment discrimination cases.  In *Sonnino*, the plaintiff, a female physician, filed a Title VII claim against her employer hospital alleging, in part, that her employer had disciplined her differently than male physicians engaging in similar conduct.[32]  The court reasoned that information regarding the range of complaints filed against other physicians was relevant to plaintiff's claim that her defendant employer had responded to complaints against male physicians differently than it had with plaintiff.[33]  Thus, the discovery requests seeking other complaints against male physicians would "likely to lead to the discovery of admissible evidence."[34]

The present case simply is factually distinguishable from *Sonnino*.  Indeed, the language in *Sonnino* as to the relevancy of "complaints and problems of a different type and magnitude than the alleged complaints" addressed complaints filed *against* the defendant's employees, not complaints filed by its employees, as sought here.

Additionally, as a general rule, "[o]ther claims of discrimination against a defendant are

---

[31]*Id.* (citing *Sonnino v. Univ. of Kansas Hosp. Auth.*, 220 F.R.D. 633, 646 (D. Kan. 2004)).

[32]*Sonnino*, 220 F.R.D. at 643.

[33]*Id.*

[34]*Id.* at 646 (emphasis added).

discoverable only if limited to the same *form* of discrimination . . . ."[35]  In light of this rule,

plaintiff's misplaced reliance on *Sonnino* and because plaintiff offers no other argument as to the

relevancy of Interrogatory No. 10, the court sustains defendant's objection.

To the extent Interrogatory No. 10 seeks information regarding the identity of persons

who have filed lawsuits, complaints, administrative charges or claims of violation of the FMLA

since January 1, 1996, the court finds this inquiry reasonably calculated to lead to the discovery

of admissible evidence in this case.  As a result, the court will compel defendant to answer

Interrogatory No. 10 as it relates to claims of violations of the FMLA by the defendant.

## II.     Document Requests

Plaintiff seeks to compel production of documents responsive to Document Request Nos.

2, 3, 7, 8, 13-18, and 20.  As discussed below, plaintiff's motion is granted as to Request Nos. 8,

and 13-18.

### A.     Document Requests Nos. 2 and 3.

**Document Request No. 2**

Any and all correspondence of any kind either to or from Michele Moss that is in the
possession of BCBSKS.

Response: Defendant objects to the request as overly broad, unduly burdensome, and not
reasonably calculated to lead to the discovery of admissible evidence.  The request is so
broad that it would conceivably include proprietary and confidential correspondence of
various kinds between plaintiff and the heath care providers that are in defendant's
network, email messages between plaintiff and her non-supervisory co-workers that
happen to reside on defendant's computer system, and the like.  All nonprivileged

---

[35]*Mitchell v. National Railroad Passenger Corp.*, 208 F.R.D. 455, 460 (D.D.C.
2002)(emphasis added); *see also Cheesling v. Chater*, 162 F.R.D. 649, 651 (D. Kan. 1995)
(holding that in an age discrimination case, "[t]he only possible relevant inquiry in this case
would be an inquiry into complaints of age discrimination; and other EEOC complaints have no
conceivable relevance to an age discrimination case.");

correspondence regarding plaintiff's absences in May of 2006 and plaintiff's termination have previously been produced herein.

**Document Request No. 3**

Any documents bearing Michele Moss' name that you have in your possession or control.

Response: Defendant objects to the request as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's name could appear in the company newsletter, birthday lists, lists of employees who subscribed to certain benefits, and other documents which have nothing to do with the claims plaintiff asserts in this case.  To search through every document in defendant's possession to determine whether it lists plaintiff's name would be extraordinarily burdensome and time-consuming.  Defendant has previously produced plaintiff's personnel file, FMLA file, workers compensation file, and unemployment claim file.

### 1.      Overly Broad and Unduly Burdensome

Defendant argues that both Request No. 2 and 3 are overly burdensome and unduly burdensome on their face, and the court agrees.  An objecting party's "failure to meet its evidentiary burden is not necessarily fatal to its claim that the requests are unduly burdensome" because "an exception . . . applies when the discovery request is unduly burdensome on its face."[36]  Courts often ask whether the request's wording "requires the answering party to 'engage in mental gymnastics to determine what information may or may not be remotely responsive.'"[37]

Here, the court finds that requesting defendant to supply plaintiff with all correspondence of *any* kind sent either to or from plaintiff, as sought in Request No. 2, is overly broad on its face.  As both parties note, plaintiff's five years of employment at BCBSKS required her to extensively communicate with the providers in BCBSKS' network.  Further, defendant would

---

[36] *Aikens v. Deluxe Fin. Servs.*, 217 F.R.D. 533, 537-38 (D. Kan. 2003) (citations omitted).

[37] *Id.* at 538 (emphasis added).

have to search through every other employee's correspondence to determine what had been sent from other employees to plaintiff.

As to Request No. 3, in plaintiff's motion to compel, plaintiff agrees that "Request No. 3 is probably too broad."[38]  Thus, plaintiff "withdraw[s]" this request "and substitute[s] the following: Any document bearing Michele Moss' name that is either from or to Moss and another supervisor, manager, or anyone holding a higher position within the company unrelated to insurance benefits or servicing customer service requests from outside individuals."[39] Defendant responds that the Federal Rules do not allow the court to "approve" a document request prior to the service of such request.  The court does note that defendant apparently has provided plaintiff with "[a]ll nonprivileged correspondence regarding plaintiff's absences in May of 2006"[40] and plaintiff's "termination" and "plaintiff's personnel file, FMLA file, workers compensation file and unemployment claim file."[41]

The fact that the Request Nos. 2 and 3 are facially overly broad, however,  "does not automatically relieve [the objecting party] of its obligation to provide responses . . . to the extent the request is not objectionable."[42]  While the court agrees with defendant that it cannot "approve" of a substituted Request for Production, courts in the District of Kansas have used

---

[38]Memorandum in Support (Doc. 30) at p. 14.

[39]*Id.*

[40]Response (Doc. 48) at p. 14.

[41]*Id*. at 13.

[42] *Aikens*, 217 F.R.D. at 538 (emphasis in original).  *See also* Fed. R. Civ. P. 33(b)(1); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 198 (D. Kan. 1996) (requiring no answer "unless adequate guidance exists as to what extent the interrogatory is not objectionable.").

suggestions made by  parties to craft guidance as to how the request at issue is not objectionable.

However, to that end, the court finds plaintiff's strangely worded "substituted request"

insufficient guidance.[43]  There may very well be documents in defendant's possession which are

relevant or contain information which reasonably could lead to the discovery of admissible

evidence regarding plaintiff's claims or defendant's defenses.  But, plaintiff's suggestion to

narrow the request to excluding from production only those documents involving "insurance

benefits or serving customer service requests from outside individuals"[44] does not sufficiently

provide guidance to resolve the problems presented by plaintiff's overly broad requests.

Moreover, the court can fashion no reasonable guidance on its own to define the extent to

which either Request No. 2 or 3 are not objectionable.  Because the court will not require a party

"to respond to an overly broad discovery request unless adequate guidance exists as to what

extent the request is not objectionable" defendant's overly broad and unduly burdensome

objections are sustained.

### B.      Document Request Nos. 7 and 20.

**Document Request No. 7**
Any and all documents from the previous 5 years to the present date relating to any legal
action, civil or criminal, in which defendant has been involved either as a party, a
witness, a plaintiff, a defendant or otherwise, pertaining to violations of Title VII, the
ADEA, ADA, racial discrimination, sex discrimination, or violating the FMLA of 1993.

---

[43] *Id.* at 539.  *See also Horizon Holdings, LLC v. Genmar Holdings, Inc*., 209 F.R.D.
208, 215 (D. Kan. 2002) (citing *Mackey*, 167 F.R.D. at 197).

[44]Memorandum in Support (Doc. 30) at p. 14.

Response:
Defendant objects to the request as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.[45]

**Document Request No. 20**
Any and all confidential settlement agreements arising out of relating to claims of sex, race, or age discrimination, violations of ADA, ADEA, Title VII or the FMLA by any former employee, officer, agent, contractor, or vendor of BlueCrossBlueShield of Kansas Inc. [sic].

Response:
Defendant objects to the request as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff does not assert any claims of sex discrimination (under Title VII or otherwise), age discrimination (under ADEA or otherwise), disability discrimination (under the ADA or otherwise), or any other violation of Title VII.  The time for amendment of the pleading has passed.  Furthermore, response to the request would require defendant to violate binding contractual confidentiality.

### 1.      Overly Broad and Unduly Burdensome

The court finds that Request No. 7 is overly broad and unduly burdensome on its face.

Courts in the District of Kansas routinely find "a request . . . unduly burdensome on its face if it use[s] the omnibus term 'relating to' or 'regarding' with respect to a general category or group of documents."[46]  Here, Request No. 7 seeks "[a]ny and all documents . . . *relating* to any legal action in which defendant has been involved" regarding the general category of all forms of employment discrimination.  To answer this request would require defendant to "'engage in mental gymnastics to determine what information may or may not be remotely responsive.'"[47]  Because the court can determine no reasonable guidance to define the extent to which either

---

[45]Defendant also notes that it has provided information regarding suits filed against it claiming violations of FMLA.

[46]*Aikens*, 217 F.R.D. at 537.

[47] *Aikens*, 217 F.R.D. at 538 (emphasis added).

Request No. 7 is not objectionable, defendant's overly broad and unduly burdensome objections are sustained.

### 2.     Relevancy Objection

The court incorporates its analysis of the similarly worded Interrogatory No. 10 here and sustains defendant's relevancy objections as to Request Nos. 7 and 20.  Just as plaintiff failed to demonstrate the relevancy of Interrogatory Nos. 10 (with the exception of that portion directed to discovery of claims regarding FMLA violations), so too plaintiff fails to meet her burden to prove the relevancy of Request Nos. 7 and 20.

To the extent that Request No. 20 seeks information regarding confidential settlement agreements involving FMLA claims, the court still finds Request No. 20 is not reasonably calculated to lead to the discovery of admissible evidence in this *case*.   As discussed in *Direct T.V. v. Puccinelli*,[48] three potential standards exist regarding the discoverability of confidential settlement agreements.[49]  In deference to the strong public policy encouraging settlement, some courts have required a party seeking disclosure of confidential settlement agreements to meet a heightened standard in order to discover information related to or contained in the requested settlement agreements.[50]  Other courts, including courts in the District of Kansas, have refused to apply such a heightened standard.  Rather, these courts apply only the general Fed. R. Civ. P. 26 standard, requiring the party opposing the discovery request to demonstrate that it is not relevant

---

[48]224 F.R.D. 677, 686-87 (D. Kan. 2004)

[49]*Id.*

[50] *Id.* (citing *City of Wichita v. Aero Holdings, Inc*., 192 F.R.D. 300, 302 at n.1 (rejecting the requirement of a higher burden for parties seeking to discovery evidence related to settlement negotiations)).

16

to a claim or defense or not reasonably calculated to lead to the discovery of admissible evidence.[51]  Still other courts adopt a compromise approach, requiring the party seeking discovery to demonstrate the relevance of the request.[52]  The court in *Direct T.V.* determined that it need not choose which standard to follow because under any standard the production of confidential settlement agreements was warranted.[53]

Defendant argues, and the court agrees, that the present case is distinguishable from *Direct T.V.*[54]  In *Direct T.V.* defendants sought various settlement agreements between the plaintiff and persons who would be witnesses in the case.[55]  Here, plaintiff seeks settlement agreements between defendant and persons who have no interest in this proceeding.

Moreover, even under the general requirement of Rule 26, the least stringent standard, Request No. 20 is not reasonably calculated to lead to the discovery of admissible evidence regarding plaintiff's claims or defendant's defenses.  Defendant argues that the settlement agreements, even those pertaining to the FMLA, are not relevant[56] and the court agrees. Interrogatory No. 8 gives plaintiff the names of BCBSKS employees who were terminated or otherwise disciplined for violating defendant's FMLA policy and documents evidencing such termination or discipline.  This would include those who reached confidential settlement

---

[51]*Direct T.V.*, 224 F.R.D. at 686.

[52]*Id.*

[53]*Id.* at 687.

[54]Response (Doc. 48) at p. 22.

[55]*Direct T.V.*, 224 F.R.D. at 686-87.

[56]Response (Doc. 48) at p. 21-22.

agreements with defendant.  In light of this grant, the court can find no discernable reason as to

why the confidential settlement agreements *themselves* would be relevant to plaintiff's claim.[57]

Therefore, the court sustains defendant's relevancy objection.

**C.      Request No. 8.**

Memorandum of any interviews, meeting notes, or conversation with Michele Moss from
any time from her initial interview to period of termination.

Response: Defendant objects to the request as being vague, ambiguous, overly broad,
unduly burdensome, not reasonably calculated to lead to the discovery of admissible
evidence.  Defendant is unable to ascertain the scope of the request.  It is unclear whether
plaintiff and defendant's managers or supervisors, or if the request is intended to be
broader.  As written, the request conceivably calls for production of confidential and
proprietary information, including documents concerning plaintiff's telephonic
discussions with health care providers in defendant's network.  If the request is limited to
conversation with defendant's supervisors and managers, it is still overly broad, unduly
burdensome, and not calculated to lead to the discovery of admissible evidence, as it
would require production of documents that are completely unrelated to the claims
plaintiff asserts herein.

**1.      Relevancy Objection**

Defendant makes no showing in support of these boilerplate objections.   Apart from

defendant's conjecture that the request conceivably calls for production of confidential and

proprietary information there is absolutely no indication the defendant made any attempt to

ascertain whether any documents existed at all.  The court finds that Request No. 8  appears

relevant on its face as it deals with memorandum and notes of interviews, meetings or

conversations with Michele Moss which could include relevant evidence as to plaintiff's FMLA

---

[57]*See Sonnino v. University of Kansas Hospital Auth.*, 2004 U.S. Dist. LEXIS 6220 at 6-9
(D. Kan. April 8, 2004)(finding relevant an interrogatory requesting plaintiff to describe her
allegations of discrimination in a previous and separate EEOC charge even though plaintiff had
reached a confidential settlement in that case).  In *Sonnino* the defendant never sought the
confidential settlement agreement itself.  *See id.*

claims.  Having found Request No. 8  facially relevant and because defendant offers no argument to the contrary,[58] the court overrules defendant's relevancy objection.

## 2.        Overly Broad and Unduly Burdensome

Defendant has also failed to support its overly broad and unduly burdensome objection with "facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."[59]  Moreover, the court finds that Request No. 8 is not overly broad or unduly burdensome on its face.  Defendant would likely only have to search the files of supervisors and managers who kept notes of any interviews, meetings, or conversation with plaintiff.  Thus, the court overrules defendant's breadth and burden objections.

## 3.        Vague and Ambiguous Objection

As the party objecting to discovery as vague or ambiguous, defendant has the burden to show such vagueness or ambiguity.[60]  In doing so, the defendant must show that more tools beyond mere reason and common sense are necessary "to attribute ordinary definitions to terms and phrases utilized."[61]  The court finds that defendant has failed to make such a showing.  As plaintiff notes, the request asks for "notes from any meeting or interview with Michele Moss, not

---

[58]*Gen. Elec. Capital Corp. v. Lear Corp.,* 215 F.R.D. 637, 640 (D. Kan. 2004).

[59] *Horizon Holdings Inc. v. Genmar Holdings, Inc*., 209 F.R.D. 208, 213 (D. Kan. 2002) (citing *Snowden v. Connaught Lab., Inc*., 137 F.R.D. 325, 322 (D. Kan. 1991)).

[60] *W. Res., Inc. v. Union Pac. R.R. Co.*, No. 00-2403, 2002 U.S. Dist. LEXIS 1004 at *12 (D. Kan. Jan. 21, 2002) (citing *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. Apr. 18, 2000)).

[61]  *Id.*

notes or memorandum that Michele Moss prepared."[62] Thus, the court overrules defendant's objection.

### 4.    Privilege Objection

Defendant raises, but fails to explain, its confidentiality and proprietary objection. Confidentiality of documents "does not equate to privilege."[63] "As such, information is not shielded from discovery on the sole basis that such information is confidential."[64] The parties have a jointly filed protective order and defendant makes no argument as to why such protective order would prove ineffective here.[65] The court overrules defendant's objection as to privilege as it is unsupported.

Having overruled defendant's objections, the court directs defendant to produce the documents responsive to Request No. 8.

### D.    Request Nos. 13 and 14.

Plaintiff's Request Nos. 13 and 14 seek "[a]ny complaints by any employee or any other person employed by BCBSKS in that anyway [sic] relate to Cathy Holmes [No. 13] or Tonya Fuller [No. 14].

Defendant responds:

Defendant objects to the request as being overly broad, unduly burdensome, and not

---

[62] Memorandum in Support (Doc. 30) at p. 16.

[63] *Williams v. Board of County Comm'rs*, 2000 U.S. Dist. LEXIS 8986, at *16 (D. Kan. June 21, 2000).

[64] *Id. See also DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 689-90 (D. Kan. 2004).

[65] Moreover, in the present motion, plaintiff notes that "[i]f the notes or memos [sought in Request No. 8] contain proprietary information, then obviously they should be withheld and noted in the privilege log." Memorandum in Support (Doc. 30) at p. 16.

reasonably calculated to lead to the discovery of admissible evidence.  Defendant also
objects that the request is vague and ambiguous, as defendant is unable to ascertain what
the difference is between "any employee" and "any other person employed at BCBSKS."
The request is so broadly written as to encompass situations completely unrelated to the
claims plaintiff asserts herein.  Subject to and without waiving its objection, defendant
state that there has not been any complaint that [Cathy Holmes or Tonya Fuller]
individually violated the FMLA.

### 1.    Relevancy Objection

Aside from simply listing these boilerplate objections, defendant makes no argument in

their support.  The court finds that Request Nos. 13 and 14 appear relevant.  As plaintiff's direct

supervisor, Ms. Holmes received e-mail communications from plaintiff regarding her illness, and

appears to have had significant contact with plaintiff.[66]  Ms. Fuller appears to have a significant

role in the creation and enforcement of the defendant's FMLA policies.  Discovery of any other

complaints filed against Ms. Holmes or Ms. Fuller could demonstrate that BCBSKS did not

universally enforce the BCBSKS "call in" or FMLA policies.  Having found Request Nos. 13

and 14  facially relevant and considering that defendant has failed to prove otherwise,[67] the court

overrules defendant's relevancy objection.

### 2.    Overly Broad and Unduly Burdensome

As to defendant's overly broad and unduly burdensome objections, defendant has failed

to demonstrate their support with "facts justifying their objection by demonstrating that the time

or expense involved in responding to requested discovery is unduly burdensome."[68]  It would

---

[66]*Id.* at 17.

[67]*Gen. Elec. Capital Corp. v. Lear Corp.,* 215 F.R.D. 637, 640 (D. Kan. 2004).

[68] *Horizon Holdings Inc. v. Genmar Holdings, Inc*., 209 F.R.D. 208, 213 (D. Kan. 2002)
(citing *Snowden v. Connaught Lab., Inc*., 137 F.R.D. 325, 322 (D. Kan. 1991)).

appear defendant would merely have to interview these two individuals and their supervisors to ascertain whether any written complaints exist.  There is no indication that such a task would be unduly burdensome.  Moreover, the court finds that Request Nos. 13 and 14 are not overly broad or unduly burdensome on their face, and overrules defendant's objection.

### 3.        Vague and Ambiguous Objection

Defendant has also failed to meet its burden of showing vagueness or ambiguity.[69] Defendant must show that more tools beyond mere reason and common sense are necessary "to attribute ordinary definitions to terms and phrases utilized."[70]  The court finds that defendant has failed to make such a showing.

Having overruled defendant's objections, the court grants plaintiff's motion to compel defendant to produce documents responsive to Request Nos. 13 and 14.

### E.        Request Nos. 15, 16, 17, and 18.

Request for Production No. 15 through 18 seek "the complete personnel file or any file kept by BCBSKS relating to" Cathy Holmes, Tonya Fuller, Fred Boston, and Andrea Williams.

As to each request, defendant responded:

Defendant objects to the request as being overly broad, unduly burdensome, [and] not reasonably calculated to lead to the discovery of admissible evidence.  Most of the information contained in the personnel file of [the referenced employee] is irrelevant and

---

[69] *W. Res., Inc. v. Union Pac. R.R. Co.*, No. 00-2403, 2002 U.S. Dist. LEXIS 1004 at *12 (D. Kan. Jan. 21, 2002) (citing *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. Apr. 18, 2000)).

[70] *Id.*

immaterial to the issues presented in this lawsuit, and production fo such information would unnecessarily violate [the employee's] privacy.

### 1.   D. Kan. Rule 37.2 Objection

Defendant also argues that plaintiff has failed to meet the requirements of Kan. Rule 37.2.  Prior to filing a motion to compel.  D. Kan. Rule 37.2 requires the moving party to make a "reasonable effort to confer" with the other party.

Here, the court finds that plaintiff's counsel "compared views, consulted, and deliberated" about these requests with defense counsel as required by Rule 37.2.  At the conclusion of this deliberation, plaintiff's counsel chose to maintain his position that a privilege log or the parties' protective order could negate any privacy concerns regarding these requests.[71] While defense counsel sought *further* discussion as to how these requests could be narrowed[72], the commitment of plaintiff's counsel to his position, and decision to file the present motion, did not violate Rule 37.2.

### 2.   Relevancy of Personnel Files

"[M]erely because a person may be called as a witness at trial does not justify disclosure of his/her personnel file."[73]  However, "[g]enerally an individual's personnel file is relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and therefore discoverable, if the individual is alleged to have engaged in the *retaliation* or discrimination at

---

[71] *Id.*

[72] As to these requests, defendant asked plaintiff if "there [is]  any particular information that you believe would be relevant, [that]would not be so intrusive."  Memorandum in Support (Exhibit G).  "Can we come up with some reasonable limits that would give you information that is potentially relevant, but also takes into consideration our concerns?" *Id.* (Exhibit H).

[73] *Williams v. Board of County Comm'rs*, No. 98-2485, 2002 U.S. Dist. LEXIS 8986 at *13 (D. Kan. June 21, 2000).

issue or to have played an important role in the decision or incident that gives rise to the law suit."[74]  Courts in the District of Kansas have apply this rule to in employment discrimination[75] and civil rights cases[76], but have also applied it under other circumstances.[77]

Here, plaintiff has alleged FMLA interference and retaliation.  The court finds these personnel files are of those who are alleged to have been involved either directly or indirectly in the "incident that gives rise to the suit" i.e., the decision to terminate plaintiff[78] and are relevant and discoverable.[79]

### 3.      Defendant's Other Objections

The court further overrules defendant's other objections as unsubstantiated.   These

---

[74] *Oglesby v. Hy-Vee, Inc.*, No. 04-2440, 2005 U.S. Dist. LEXIS 6456 at * 2 (D. Kan. April 13, 2005)(emphasis added).

[75] *See e.g.*,  *EEOC v. Kansas City S. Ry.*, No. 99-2512, U.S. Dist. LEXIS 21806 at *3 (D. Kan. October 2, 2002); *Daneshvar v. Graphic Tehnology, Inc.*, No. 97-2304, 1998 U.S. Dist. LEXIS 16446 at *5 (D. Kan. October 9, 1998); *Fox-Martin v. H.J. Heinz Operations*, No. 02-4121, 2003 U.S. Dist. LEXIS at *2-3 (D. Kan. December 19, 2003) ("The court has on numerous occasions ruled on the ability to discovery personnel files in employment cases arising under Title VII where retaliation and discrimination are alleged.").

[76] *See e.g.*, *Williams*, 2002 U.S. Dist. LEXIS 8986 at *13.

[77] *See e.g.*, *Barnes v. Akal Sec., Inc.*, No. 04-1350, 2006 U.S. Dist. LEXIS 59362 at *16 (D. Kan. August 21, 2006) (finding in a case alleging violations of the Fair Labor Standard Act that the personnel files of those who were "directly or indirectly involved in the decision to deny Plaintiffs proper overtime pay and to terminate [plaintiffs]" were relevant).

[78] Cathy Holmes was plaintiff's direct supervisor. Tonya Fuller helped create and enforce BCBSKS' FMLA policy.  Fred Boston is the director of professional relations for BCBSKS and has been identified by defendant as having knowledge of plaintiff's firing.  Andrea Williams is an EEO Assistant and has direct knowledge as to plaintiff's FMLA usage.  *See* Memorandum in Support (Doc. 30) at pp. 19-21.

[79] Defendant readily acknowledges that *some* information contained in these personnel files could contain relevant evidence. *See* Memorandum in Support (Doc. 30)(Exhibit G)

requests are not overly broad on their face and defendant has failed to otherwise support its overly broad and unduly burdensome objections.  Moreover, confidentiality of documents "does not equate to privilege."[80] "As such, information is not shielded from discovery on the sole basis that such information is confidential."[81]  Plaintiff's following of the precautions outlined in the parties' joint protective order[82] should resolve defendant's privacy concerns.  Consequently, the court grants plaintiff's motion to compel Request for Production Nos. 15, 16, 17, and 18.

## III.    Sanctions

Under Fed. R. Civ. P. 37(a)(4)(C) when a court grants in part and denies in part a motion to compel, the court can "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."  Whether to impose sanctions lies within the court's discretion.[83]  The court "must consider on a case-by-case basis whether the party's failure was substantially justified or whether other circumstances make the imposition of sanctions inappropriate."[84]  In deciding whether to grant sanctions based on Rule 37(a)(4)(C), the court in *Mackey v. IBP, Inc*., found that  "[j]ustice requires that each party be responsible for its own costs and expenses incurred upon the motion [to compel]" because "[b]oth parties took

---

[80]*Williams v. Board of County Comm'rs*, 2000 U.S. Dist. LEXIS 8986, at *16 (D. Kan. June 21, 2000).

[81]*Id.  See also DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 689-90 (D. Kan. 2004).

[82]*See* Protective Order (Doc. 13).

[83] *Barnes v. Akal Sec. Inc.*, No. 04-1350, 2005 U.S. Dist. LEXIS 33262, at *21 (D. Kan. December 9, 2005)(citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)).

[84] *Id.* (citing *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 646 (D. Kan. 1999)).

legitimate positions on the motion [to compel]."[85]

Here, the court believes it appropriate and just for plaintiff and defendant to bear their own expenses and fees incurred in connection with the present motion because both parties took legitimate positions on the motion to compel.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel (Doc. 29) is hereby granted in part and denied in part.

**IT IS FURTHER ORDERED** that by **April 23, 2007**, defendant shall respond to Interrogatory No. 8 to the extent it seeks information regarding only those employees who have been terminated or disciplined in writing for violating BCBSKS' FMLA policy.  By **April 23, 2007**, defendant shall respond to Interrogatory No.  9 to the extent it seeks only *documented* instances of employee termination for attendance within the last five years.  By **April 23, 2007**, defendant shall respond to Interrogatory No. 10 to the extent is seeks information regarding lawsuits, complaints, and administrative charges related to alleged violations of the FMLA by the defendant.

**IT IS FURTHER ORDERED** that by **April 23, 2007** defendant shall produce the documents responsive to Request Nos.  8, and 13-18 as set forth above.

**IT IS FURTHER ORDERED** that the parties' scheduling order (Doc. 15) should be amended as follows.  All discovery is to be completed by **May 31, 2007.**  The parties'

---

[85]*Mackey v. IBP Inc.*, 167 F.R.D. 186, 207 (D. Kan. 1996).  *See also Lawrence-Leiter & Co. v. Paulson*, No. 96-2535, 1997 U.S. Dist. LEXIS, at *7 (D. Kan. June 23, 1997)(concluding that because "the parties took legitimate positions on the motion [to compel] . . . sanctions are not justified.").

dispositive motion deadline is extended to **July 9, 2007.**  The parties' Final Pretrial Conference

is rescheduled for **June 20, 2007 at 9:30 a.m.**  The parties' proposed pretrial order is due in the

undersigned's chambers by **June 13, 2007.**  All applicable deadlines, settings, and specifications

contained in the previous Scheduling Order entered in this case shall remain in effect except to

the extent specifically addressed herein.  This amended scheduling order shall not be modified

except by leave of court upon a showing of good cause.

**IT IS SO ORDERED.**

Dated this 2d day of April, 2007, at Topeka, Kansas

  s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge